IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JUNGIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 C 3793 |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Allstate Insurance Company's (Allstate) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted.

## BACKGROUND

Plaintiff Robert Jungiewicz (Jungiewicz), age 56, allegedly began working for Allstate as a claims service representative in 1989. On June 21, 2102, David Perry (Perry), a member of management at Allstate, indicated that he was terminating Jungiewicz's employment because Jungiewicz had processed a total loss claim with an out-of-date receipt. Jungiewicz contends that other employees who were younger had also processed total loss claims with out-of-date receipts, but were not fired.

1

Jungiewicz contends that Allstate terminated his employment because of his age. Jungiewicz includes in his complaint one claim alleging age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Allstate now moves for summary judgment on the ADEA claim.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I.  Production of Evidence

Jungiewicz contends that he served a Second Request to Produce Documents asking for one-hundred files reviewed by Michael Bundra (Bundra) and that Allstate failed to produce such files.  (Ans. SJ 8).  Jungiewicz argues that the court should draw an adverse inference against Allstate due to the alleged failure to produce such evidence.  Jungiewicz has not shown that Allstate acted in bad faith during discovery.  In addition, Jungiewicz failed to pursue any motion to compel the production of such evidence during the discovery period set by the court.  If Jungiewicz had raised this discovery issue in a timely fashion, Local Rule 37.2 would have required the parties to confer and attempt to reach a solution and if unable to do so seek judicial intervention.  LR 37.2.  On July 24, 2013, the court set a discovery deadline of December 13, 2013 and discovery ended on that date and the first time that Jungiewicz raised any issue as to discovery was in his opposition to Allstate's motion for summary judgment filed on February 19, 2014.  Jungiewicz has failed to show that Allstate acted improperly in regard to discovery or that any adverse inference should be drawn against Allstate.  The court also notes that even if the adverse inference were drawn, such an inference would not be sufficient to alter the outcome of the instant motion for summary judgment.

II. Motion for Summary Judgment

A plaintiff bringing an ADEA discrimination claim can defeat a defendant's motion for summary judgment under the direct or indirect method of proof. *Zayas v. Rockford Memorial Hosp.*, 740 F.3d 1154, 1157-58 (7th Cir. 2014). In the instant action, Jungiewicz does not argue that there is sufficient evidence to proceed under the direct method of proof, and the court does not find sufficient evidence for Jungiewicz to do so. *See Fleishman v. Continental Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012)(stating that under the direct evidence method a plaintiff must point to direct evidence or "a 'convincing mosaic' of circumstantial evidence," and that "the plaintiff must connect the circumstantial evidence to the employment action such that a reasonable juror could infer the employer acted for discriminatory reasons").

Under the indirect method of proof, a plaintiff must establish a *prima facie* case. *Zayas*, 740 F.3d at 1157-58. If the plaintiff establishes a *prima facie* case, "the burden shifts to the defendant to introduce a legitimate, non-discriminatory reason for the employment action." *Id.* If the defendant produces such a reason, "the plaintiff must provide evidence demonstrating that the defendant's stated reason is pretextual." *Id.*

A. *Prima Facie* Case

Allstate argues that Jungiewicz has failed to establish a *prima facie* case. Under the indirect method of proof, a plaintiff can establish a *prima facie* case by showing: (1) that he "is a member of a protected group," (2) that he "satisfied h[is]

4

employer's legitimate job expectations," (3) that he "suffered an adverse employment action," and (4) that "similarly situated employees outside of the protected class were treated more favorably." *Id.*

1.  Employer's Legitimate Expectations

Allstate argues that Jungiewicz cannot show that he was meeting his employer's legitimate expectations. Jungiewicz claims that he was meeting his employer's legitimate expectations because he received high performance ratings in 2009 and 2010. (Ans. SJ 6). However, even if that were true, Allstate contends that it fired Jungiewicz for providing false information during his duties in January of 2012. The mere fact that Jungiewicz may have received high performance ratings in 2009 and 2010, does not mean that he was meeting his employer's legitimate expectations in 2012, which is when Allstate contends that Jungiewicz engaged in misconduct.

Jungiewicz admits that beginning in mid-2010 he began working as a Total Loss Representative (TLR) and that beginning in May 2011, he was supervised by Bundra. (R SF Par. 7, 10). It is undisputed that an Allstate customer could provide a TLR with proof of the total loss maintenance or replacement work by faxing or emailing an invoice or receipt from the repair shop, and that the TLR could then contact Autosource in order to raise the vehicle's actual cash value (ACV). (R SF Par. 21-22). It is also undisputed that Autosource could adjust the ACV of a total

5

loss vehicle on the basis of replacement or maintenance work only at the direction of an Allstate employee. (R SF Par. 24).

It is further undisputed that Jungiewicz was contacted by a customer who provided him with a maintenance receipt (Receipt) for a certain vehicle (Vehicle) that had been deemed a total loss vehicle. (R SF Par. 29). Jungiewicz admits that on January 4, 2012, he called Autosource to increase the ACV of the Vehicle and Autosource informed Jungiewicz that the loss date on the receipt was December 28, 2011, and that the receipt provided was outdated. (R SF Par. 29-31). Jungiewicz also admits that the Autosource representative told him that the work on the vehicle would have had to have been done by October 29, 2011. (R SF Par. 31).

Allstate contends in Paragraph 32 of its statement of material facts (Paragraph 32) that Jungiewicz told the representative to "go ahead and use that date," and that as a result of the false information supplied by Jungiewicz, the ACV of the Vehicle was increased by $250. (SF Par. 32). Jungiewicz responds that he denies all facts in Paragraph 32. (R SF Par. 32). In order to properly dispute a fact pursuant to Local Rule 56.1, the denial must be accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. *Clark v. City of Chicago*, 2013 WL 453147, at *4 (N.D. Ill. 2013)(stating that "[p]ursuant to Local Rule 56.1, a denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence"); *see also Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir.

6

2008)(stating that "[d]istrict courts are entitled to expect strict compliance with Rule 56.1")(internal quotations omitted)(quoting *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005)).

In response to Paragraph 32, Jungiewicz cites only to pages 212 and 213 of his deposition transcript. (R SF Par. 32). Jungiewicz's testimony at that portion of his deposition does not offer support for his denial of the facts in Paragraph 32. For example, Jungiewicz specifically admits at that portion of his deposition that the ACV of the Vehicle was increased by $250, which is a fact included in Paragraph 32 and yet disputed by Jungiewicz. (R SF Par. 32); (J. Dep. 212). As to telling the Autosource representative to use the October 29, 2011 date, Jungiewicz did not deny making such a statement. Jungiewicz merely claimed that the Autosource "told [Jungiewicz ] what date [he] had to use. . . ." (J. Dep. 213). That testimony is entirely consistent with Allstate's contention that the Autosource representative told Jungiewicz that the work on the vehicle would have had to have been done by October 29, 2011 in order to be timely. (SF Par. 31). Although Jungiewicz then claims he does not know how the Autosource representative could have known the loss date and come up with the October 29, 2011 date, the undisputed evidence shows that it was Jungiewicz that possessed the Receipt with the pertinent information, and that it was his duty to provide such information to the Autosource representative. (R SF Par. 23). At the summary judgment stage Jungiewicz must point to sufficient evidence for a reasonable trier of fact to find in his favor, and

7

cannot ask the trier of fact to engage in mere speculation. *See Diadenko v. Folino*, 741 F.3d 751, 757-58 (7th Cir. 2013)(stating that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events")(internal quotations omitted)(quoting *Springer v. Durflinger,* 518 F.3d 479, 484 (7th Cir. 2008)). Jungiewicz cannot ask the trier of fact to speculate that the Autosource representative picked the October 29, 2011 date, out of thin air, in the absence of necessary information on the Receipt. The court also notes that although Jungiewicz testified at his deposition he did not know how Autosource could have got the October 29, 2011 date, Allstate has submitted a transcript of a recorded interview (Interview) of Jungiewicz by the Allstate Corporate Security Department during which Jungiewicz indicated that he was the source of the erroneous date. (D Ex. E-1: 10-12).

Jungiewicz also subsequently acknowledged at his deposition that he had previously admitted during the Interview that he changed the date for the Vehicle, and that he did so at least in part because the Vehicle owner was a long-term customer. (J. Dep. 214-15). Jungiewicz also acknowledged his misconduct by trying to excuse it, when he claimed that such misconduct was "a common practice that was used by all total loss adjusters." (J. Dep. 216). Finally, although Jungiewicz claimed at his deposition that he was told that he "had to use" the date he claims was provided by the Autosource representative, the undisputed facts as to the regular procedures when dealing with Autosource do not support any such

8

conclusion. (J. Dep. 213). On the contrary, the admitted facts show that Jungiewicz would have needed to provide Autosource with the necessary information to determine the pertinent date. (R SF Par. 29-31). Thus, the undisputed facts show that Jungiewicz provided false information in the course of his duties. Jungiewicz admits that "[d]ishonesty and falsification of Company documents is grounds for immediate dismissal." (R SF Par. 48). Based on the above, Jungiewicz has not shown that he was meeting his employer's legitimate expectations during the pertinent time period.

### 2. Similarly-Situated Employees Outside Protected Class

Allstate contends that Jungiewicz has not pointed to similarly-situated employees outside the protected class who were treated more favorably. For an employee to be deemed a similarly-situated employee, the employee "must be 'directly comparable to her in all material respects.'" *Zayas*, 740 F.3d at 1158 (quoting *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir. 2002)(stating that "[a]lthough precise equivalence is not required, a plaintiff still needs to show that a comparator employee was treated more favorably by the same decisionmaker, even though they were both subject to the same standards of conduct and engaged in similar, but not necessarily identical, conduct")(internal quotations omitted)(quoting *Coleman v. Donahoe*, 667 F.3d 835, 846–48, 850 (7th Cir. 2012)).

It is undisputed that of the nine TLRs working with Jungiewicz in 2012, only

two of them were under forty years of age. (R SF Par. 11). It is undisputed that Christine Ponce (Ponce) was thirty-six years old and Serena Aguilar (Aguilar) was thirty-seven years old. (R SF Par. 11). All the other TLRs were either older than Jungiewicz or were no less than eight years younger than him. (R SF Par. 11). Jungiewicz has pointed to no admissible evidence to show that Ponce or Aguilar engaged in a similar type of misconduct as Jungiewicz. Allstate points out in paragraph 64 of its statement of facts (Paragraph 64) that Jungiewicz testified that "he has no admissible evidence as to whether any Allstate manager was ever aware that [certain younger] employees purportedly committed the misconduct for which he was terminated." (SF Par. 64). Jungiewicz disputes such facts, citing to portions of the deposition of Perry and Bundra, but nowhere during such depositions did the individuals state that they were aware of any false information provided by younger TLRs. (R SF Par. 64); (Perry Dep. 37-39); (Bun. Dep. 41). Pursuant to Local Rule 56.1, the facts in Paragraph 64 are therefore deemed undisputed. LR 56.1. The court also notes that Jungiewicz testified at his deposition as to hearsay regarding certain prior discipline of Aguilar, but Jungiewicz has failed to point to admissible evidence sufficient to indicate that Aguilar engaged in misconduct similar to Jungiewicz. (J. Dep. 222-23). Aguilar testified at her deposition that she was never disciplined for using an out-of-date receipt as Jungiewicz had done. (Ag. Dep. 58).

Jungiewicz also points to the testimony of Kenneth Kruger (Kruger) to try and show that Ponce and Aguilar engaged in similar misconduct. (SAF Par. 31). Kruger

was asked at his deposition to identify any specific instances when Ponce and Aguilar "made changes to the ACV using receipts more than 60 days old," and Kruger failed to identify a specific instance. (Kruger Dep. 28-29). Kruger indicated that as to conduct by Ponce and Aguilar he "couldn't tell . . . for sure," indicating only that some evidence might indicate possible similar conduct, and vaguely referring to a "conversation." (Kruger Dep. 29). Kruger did not explain in detail whether he had a reasonable basis to give an opinion on the subject or how certain he was as to such an opinion. Such speculation and vague hearsay is not sufficient to defeat the instant motion for summary judgment. Jungiewicz also does not dispute that he could have asked Ponce about such alleged misconduct, but Jungiewicz declined to depose Ponce. Jungiewicz deposed Aguilar and Aguilar unequivocally stated that she did not engage in the same type of misconduct as Jungiewicz. (Ag. Dep. 63).

Jungiewicz also contends that Kruger claimed that supervisors had told him it was alright to enter incorrect dates. (SAF Par. 33). Kruger vaguely claimed at his deposition that he thought that such statements were made to him by supervisors "several times." (Kruger Dep. 41-42). However, when asked Kruger was unable to identify any specific instance or even give the name of one supervisor who made such a statement. Kruger's vague recollections in the absence of any supporting facts are not sufficient to defeat the instant motion. Thus, Jungiewicz has failed to point to similarly-situated employees outside the protected class who were treated more favorably.

11

B. Pretext

Allstate argues that even if Jungiewicz established a *prima facie* case, Jungiewicz has not shown that the reason given for his termination was a pretext. To satisfy the pretext requirement, a plaintiff must show that the given reason is a "dishonest explanation, a lie rather than an oddity or an error." *Everroad v. Scott Truck Systems, Inc.*, 604 F.3d 471, 478-79 (7th Cir. 2010)(internal quotations omitted)(quoting *Bodenstab v. County of Cook*, 569 F.3d 651, 657 (7th Cir. 2009)); *see also Filar v. Board of Educ. of City of Chicago*, 526 F.3d 1054, 1063 (7th Cir. 2008)(stating that "[s]howing pretext requires '[p]roof that the defendant's explanation is unworthy of credence'")(quoting *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000)); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006)(stating that "'[t]he focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise or well-considered'")(quoting *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000)).

The undisputed facts in this case do not in any way indicate an animus against employees at Allstate because of their age. It is undisputed that in 2012, of the nine TLRs working with Jungiewicz, only two of them were under the age of forty. Of the other seven, four were relatively close to Jungiewicz's age and three were actually older than Jungiewicz. (R SF Par. 11). If Allstate held an animus against older workers, Jungiewicz has failed to explain why Allstate chose to maintain a

12

workforce of TLRs that was predominately made up of older employees. Jungiewicz argued that his termination was discriminatory because another TLR, Gregory Glodkowski (Glodkowski), engaged in the same type of conduct as Jungiewicz and was not fired. (J. Dep. 266); (D Ex. E-1:12). However, it is undisputed that Glodkowski was sixty-one years old. (R SF Par. 11). While such facts may indicate disparate treatment between employees based on their particular backgrounds, such facts do not indicate disparate treatment to favor a younger employee in violation of the ADEA. Jungiewicz admitted at his deposition that, in regard to his "being terminated," "the only reason that it was unfair" was "because other people were doing it. . . ." (J. Dep. 259). If, as Jungiewicz claims, the young employees and the older employees were all engaged in similar misconduct, Jungiewicz fails to explain why Glodkowski, who was even older than Jungiewicz was not fired. However, this court does not sit in ADEA cases as a superpersonnel department to judge the wisdom and fairness of the decisions of employers. *See Gusewelle v. City of Wood River*, 374 F.3d 569, 576 (7th Cir. 2004)(stating that the Court does "not sit as a superpersonnel department that reexamines an entity's business decision and reviews the propriety of the decision")(internal quotations omitted)(quoting *Stewart v. Henderson,* 207 F.3d 374, 378 (7th Cir. 2000)). Jungiewicz has not presented any evidence showing that any statements were made to him relating to his age or to any other circumstances indicating an animus against him because of his age. Allstate has also shown that Bundra prepared an extensive memorandum that listed the summary of evidence against Jungiewicz, including the recorded Interview during

13

which Jungiewicz admitted to his wrongdoing. (D Ex. E-2). The undisputed facts show that Jungiewicz engaged in dishonesty in performing his job, that he admitted to such dishonesty, and that such dishonesty violated the workplace rules and policies at Allstate. (R SF Par. 50). The undisputed facts thus show that Allstate's decision to fire Jungiewicz was not unreasonable. *See Gordon v. United Airlines, Inc.*, 246 F.3d 878, 889 (7th Cir. 2001)(stating that in the pretext analysis a court should not "abandon good reason and common sense in assessing an employer's actions"). Thus, Jungiewicz has not shown that Allstate's given reason for his termination was a pretext. Based on the above, Allstate's motion for summary judgment is granted.

## CONCLUSION

Based on the foregoing analysis, Allstate's motion for summary judgment is granted.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 31, 2014

14